

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,666 & AP-76,667

### EX PARTE DEON RUSH, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 16,022 & 16,024 IN THE 506TH DISTRICT COURT
### FROM GRIMES COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of burglary of a habitation and sentenced to eighteen years' imprisonment on each count. The Fourteenth Court of Appeals dismissed his appeals. *Rush v. State*, Nos. 14-09-00434-CR & 14-09-00453-CR (Tex. App.–Houston [14th Dist.] July 9, 2009, no pet.).

Applicant contends, among other things, that he was denied his right to appeal. We remanded these applications to the trial court for findings of fact and conclusions of law. The trial court has

determined that Applicant was denied his right to appeal and recommended that we grant Applicant out-of-time appeals. We find that Applicant is entitled to the opportunity to file out-of-time appeals of the judgments of conviction in cause numbers 16,022 and 16,024 from the 506th District Court of Grimes County. Applicant is ordered returned to that time at which he may give written notices of appeal so that he may then, with the aid of counsel, obtain meaningful appeals. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If he is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent him on direct appeal. All time limits shall be calculated as if the sentences had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute appeals, he must take affirmative steps to file written notices of appeal in the trial court within 30 days after the mandate of this Court issues.

Applicant's remaining claim is dismissed. *Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: October 19, 2011
Do Not Publish